KAREN P. HEWITT
United States Attorney
NICOLE ACTON JONES
Assistant U.S. Attorney
California State Bar No. 231929
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-5482
E-mail: nicole.jones@usdoj.gov

Attorneys for Plaintiff
United States of America

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Criminal Case No. 08CR0882-IEG |
| Plaintiff, | ) |
| | ) **GOVERNMENT'S MOTION FOR:** |
| v. | ) **(1) FINGERPRINT EXEMPLARS** |
| | ) **(2) RECIPROCAL DISCOVERY** |
| CARLOS HUMBERTO FIGUEROA-VILLELA, | ) **TOGETHER WITH STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES** |
| Defendant. | ) Date: June 9, 2008 |
| | ) Time: 2:00 p.m. |
| | ) Court: The Hon. Irma E. Gonzalez |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Nicole Acton Jones, Assistant United States Attorney, and hereby files its Motion for Fingerprint Exemplars and Reciprocal Discovery in the above-referenced case. Said motions are based upon the files and records of this case together with the attached statement of facts and memorandum of points and authorities.

//

//

//

I

**STATEMENT OF THE CASE**

On March 3, 2008, a federal grand jury in the Southern District of California returned a one-count Indictment charging defendant Carlos Humberto Figueroa-Villela ("Defendant") with Attempted Entry After Deportation, in violation of Title 8, United States Code, Section 1326. On April 1, 2008, Defendant was arraigned on the Indictment and entered a plea of not guilty.

II

**STATEMENT OF FACTS**

**A.    Defendant's Apprehension**

On March 3, 2008, at approximately 1:40 p.m., Defendant attempted to enter the United States through the San Ysidro Port of Entry. Defendant presented a valid I-551 card bearing his name and likeness, but a TECS query revealed instructions to refer Defendant to secondary inspection. In secondary, officers determined that Defendant had been previously deported.

Defendant was placed under arrest and advised of his Miranda rights. Defendant elected to waive his rights and make a statement. Defendant admitted he is a citizen of Guatemala by birth. Defendant stated he was a lawful permanent resident of the United States but that he was deported in 1997. Defendant admitted he did not apply for permission to return to the United States. Defendant claimed that he was told by the Immigration Judge he could come back after 10 years. Defendant stated that when he was removed from the United States to Guatemala, his LPR card was provided to him with the rest of his property. Defendant stated that on November 1, 2007 he entered the United States using his LPR card. Defendant stated that November 1, 2007 was the only time he had entered the United States. When asked how he had a California driver's license with an issue date in 2004, Defendant stated he had come to the United States once before. When asked about his Rhode Island driver's license issued in December 2007, Defendant again claimed he was only visiting. Defendant admitted, however, that he does not have a return ticket to Guatemala.

Defendant's passenger and the registered owner of the vehicle, Roberto Ramos-Gutierrez stated that he had asked Defendant to drive him and his mother to Mexico for an eye exam. Ramos stated he and Defendant are co-workers and have been working together since the 90's. Ramos stated that in the

time he has known Defendant, there has only been a single one month period in which he did not see or hear from Defendant.

**B.    Defendant's Criminal and Immigration History**

On or about October 27, 1993, Defendant was convicted after a trial in Los Angeles County Superior Court of six counts of forcible lewd at upon a child in violation of PC § 288(b). Defendant was sentenced to 8 years in prison. The victim of Defendant's repeated sexual abuse was his twelve year old biological daughter

On May 30, 1998, Defendant was ordered deported from the United States to Guatemala by an Immigration Judge. The Warning to Alien Ordered Removed or Deported indicated Defendant could not return to the United States "at any time" because he was deported as a result of an aggravated felony conviction. On June 30, 1997, Defendant was physically removed from the United States to Guatemala via United Airlines flight number 889.

### III

### UNITED STATES' MOTIONS

**A.    FINGERPRINT EXEMPLARS**

The United States requests that the Court order that Defendant make himself available for fingerprinting by the United States' fingerprint expert. See United States v. Ortiz-Hernandez, 427 F.3d 567, 576-77 (9th Cir. 2005) (Government may have defendant fingerprinted and use criminal and immigration records in Section 1326 prosecution). The privilege against self-incrimination only applies to testimonial evidence. See Schmerber v. California, 384 U.S. 757, 761 (1966) (withdrawal of blood is not testimonial). Identifying physical characteristics, including fingerprints, are not testimonial in nature and the collection and use of such evidence does not violate Defendant's Fifth Amendment right against self-incrimination. United States v. DePalma, 414 F.2d 394, 397 (9th Cir. 1969).

**B.    RECIPROCAL DISCOVERY**

The Government has and will continue to fully comply with its discovery obligations. The Government has provided Defendant 135 pages of discovery, including a copy of his A-file documents and a copy of his deportation tape. Furthermore, the Government will request that the

arresting agency preserve any evidence the Government intends to introduce in its case-in-chief or that may be material to the defense. The Government moves the Court to order Defendant to provide all reciprocal discovery to which the United States is entitled under Rules 16(b) and 26.2. Rule 16(b)(2) requires Defendant to disclose to the United States all exhibits and documents which Defendant "intends to introduce as evidence in chief at the trial" and a written summary of the names, anticipated testimony, and bases for opinions of experts the defendant intends to call at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence.

## IV

## **CONCLUSION**

For the foregoing reasons, the Government respectfully requests that its motions be granted.

DATED: May 17, 2008.

                                                Respectfully Submitted,

                                                KAREN P. HEWITT
                                                United States Attorney

                                                /s/ *Nicole Acton Jones*
                                                NICOLE ACTON JONES
                                                Assistant U.S. Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 08CR0882-IEG |
| Plaintiff, | ) | |
| v. | ) | |
| CARLOS HUMBERTO FIGUEROA-VILLELA, | ) | CERTIFICATE OF SERVICE |
| Defendant. | ) | |

IT IS HEREBY CERTIFIED THAT:

I, NICOLE ACTON JONES, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **GOVERNMENT'S MOTION FOR FINGERPRINT EXEMPLARS AND RECIPROCAL DISCOVERY** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1. Daniel Casillas

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

None

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 17, 2008.

/s/ *Nicole Acton Jones*
NICOLE ACTON JONES
Assistant U.S. Attorney